COBB, Judge
(dissenting).
Probably one of the most difficult tasks any appellate court faces is reversing a sexual-abuse case involving children. Nevertheless, our Court is bound by the decisions of the Alabama Supreme Court, and a careful review of precedent causes me to dissent from the result reached by the majority in its unpublished memorandum in this case.
Curtis Allen Conell was charged in a single indictment with two counts of first-degree sexual abuse, § 13A-6-66, Ala. Code 1975, and one count of failing to register as a sex offender, § 13A-11-200, Ala.Code 1975. Conell moved to sever the charges, arguing that the three charges should be tried separately. He argued that the joinder of the failure-to-register count with the sexual-abuse counts was most prejudicial and that the jury would be biased against him in the sexual-abuse cases based solely on hearing the failure-to-register charge read from the indictment. The trial court denied the motion, and the three charges were then tried together. Conell was convicted of two counts of first-degree sexual abuse. As to the failing-to-register charge, the trial court granted Conell’s motion for a judg *358 ment of acquittal made at the conclusion of the State’s case, finding that the State had failed to prove a prima facie case.
On appeal, Conell argues that the trial court abused its discretion when it denied his motion to sever. He argues that he suffered compelling prejudice because the three charges were tried together. In its unpublished memorandum, the majority affirms Conell’s convictions, holding that the trial court did not err in denying the motion to sever because Conell filed his motion past the deadline established in Rule 13.4(b), Ala. R.Crim. P. While I acknowledge that Conell failed to file the motion to sever within seven days after arraignment or the entry of a plea of not guilty, I believe that the untimely filing was not fatal to his claim because Alabama caselaw does not hold such a failure to be fatal.
In Ex parte Pincheon, 751 So.2d 1219 (Ala.1999), the Alabama Supreme Court reversed this Court’s judgment, in an unpublished memorandum, in a case in which we had determined that the defendant’s motion to sever had been untimely filed and that the trial court had not erred in denying that motion. Pineheon was charged with interference with custody as to one victim and with two counts of rape as to a second victim. Although the Alabama Supreme Court acknowledged in its opinion that Rule 13.4(b), Ala. R.Crim. P., sets a time limit for filing a motion to sever, the Court analyzed the merits of Pincheon’s argument and quoted extensively from Kennedy v. State, 640 So.2d 22 (Ala.Crim.App.1993), in which this Court noted the prejudice inherent in being forced to defend against a charge of rape and charges of production of obscene matter. The Court in Ex parte Pineheon concluded:
“Here, the charges against Pineheon are not of the same or of a similar character, they are not based on the same conduct, and they are not alleged to have been part of a common scheme or plan. In addition, the charges relate to two separate victims. The only connection is that the alleged victims are sisters. Consistent with the conclusion of the Court of Criminal Appeals in Kennedy, we conclude that there is an obvious prejudice to the defendant inherent in his being forced to defend against the charge of interference with the custody of J.K., when he was additionally charged with first- and second-degree rape of M.K. We believe this prejudice is a ‘compelling prejudice’ that requires a conclusion that the trial court abused its discretion in not granting a severance.”
751 So .2d at 1223.
The State argues in its brief to this Court that “the ruling in Pineheon is an aberration.” (State’s brief at p. 10.) While I agree that the holding in Ex parte Pincheon appears to conflict with Rule 13.4(b), the case remains the law of the State and cannot be ignored. The majority has attempted to distinguish Ex parte Pincheon, but I believe its attempt fails. The majority contends that, because the charges were originally in separate indictments and later joined in a single indictment, Pincheon’s attorney could not have known that the prosecutor intended to try the cases together. The majority contends that the Alabama Supreme Court in Ex parte Pincheon “appeared to treat the Pineheon case under Rule 13.3(c), Ala. R.Crim. P.,” as if the charges were consolidated after being listed in separate indictments. I find no support for either of the majority’s assertions.
As to the majority’s assertion that Pin-cheon’s attorney could not have known that the cases would be tried together, I note that, .in this Court’s unpublished memorandum in that case, we stated that *359 Pincheon appeared with counsel at arraignment, that he waived reading of the indictment that contained all of the charges, and that he pleaded not guilty; we concluded that “the appellant was clearly aware of each of the charges against him, but he made no attempt to obtain a severance within the time periods set forth in Rule 13.4(b), Ala. R.Crim. P.” Pincheon v. State, 738 So.2d 940 (Ala.Crim.App.1998)(table). The Alabama Supreme Court’s opinion quotes from the argument Pincheon’s counsel made during the hearing on the motion to sever. The attorney argued that the State had filed a three-count indictment and that he was moving for a severance “ ‘based on the fact that it is my understanding that the two cases [interference with custody of a minor and two counts of rape] will be tried as one,’ ” and that it would be prejudicial to try them together because the charges were not similar. Ex parte Pincheon, 751 So.2d 1219, 1221 (Ala.1999). As the majority here has noted in its unpublished memorandum, Rule 13.3(d), Ala. R.Crim. P., provides that offenses charged in the same indictment shall be tried jointly unless they are severed; thus, Pincheon was charged with notice that the three cases would be tried together unless he filed a motion to sever.
As to the majority’s second assertion, that Ex parte Pincheon is distinguishable from the present ease because the Alabama Supreme Court appeared to treat that case as if the charges had been filed in separate indictments and consolidated pursuant to Rule 13.3(c), Ala. R.Crim. P., I find nothing in the Supreme Court’s opinion to support this claim. Rule 13.3(c) is not applied or, indeed, even mentioned.
The majority concludes that the Alabama Supreme Court’s holding in Ex parte Pincheon does not apply here because the holding in Ex parte Pincheon was based on the specific facts of that case. However, the facts presented here are so similar to those in Ex parte Pincheon that I am convinced that Ex parte Pincheon is controlling. Because that Court held that the prejudice Pincheon suffered as a result of being compelled to defend against charges of rape and a separate charge of interference with custody, “is a ‘compelling prejudice’ that requires the conclusion that the trial court abused its discretion in not granting a severance,” Ex parte Pincheon, 751 So.2d 1219, 1223 (Ala.1999), I believe that the same conclusion is mandated here.
Although I have concerns about the two sexual-abuse charges being tried together for the reasons stated in Ex parte Pincheon and quoted above, I am even more concerned about the failure-to-register charge, Count III, being tried together with those charges. As Conell argued in his motion to sever:
“[The failure-to-register] count is arguably most prejudicial of all in that the mere reading of the indictment by the prosecution or the Court at the outset of these proceedings guarantees a prejudice and unfairness that cannot be cured by any comment or instruction given by the Court. In the atmosphere in which this case is being tried, prejudice against the Defendant obtaining any semblance of a fair and impartial trial; where daily bulletins, and ‘Amber Alerts’ appear not only on television and in the newspapers, but indeed on interstate highway signs and through text messages on cellular telephones each detailing the latest case of a missing child or an unregistered sex offender, generates a burden so heavy on this Defendant, charged as he is by Counts I and II, that for any juror to realistically accord him the presumption of innocence not only strains credulity, it breaks its back.
*360 “If allowed to proceed without severance of Count III, the prosecution has guaranteed that the Defendant’s prior conviction for an assumed sexually related offense is brought to the attention of the jury whether the Defendant exercises his right to testify or not, inflaming the members of the petit jury and, from the very outset of this trial, creating the impression that the Defendant is a sexual predator not entitled to any presumption of innocence. The creation of such unfairness and prejudice in a criminal trial is exactly the evil which the Constitutional guarantees of a fair and impartial trial seek to prevent and, in and of themselves, are sufficient to mandate a severance of Count III from the other two counts in this indictment.”
(C. 71-72.)
At the hearing on the motion to sever, trial counsel stated that he was aware of the time constraints in rule, but that he was appointed long after Conell had been arrested and had filed his not-guilty plea. (R. 6.) He stated he “got in this case” less than one week before trial began. (R. 9.) Counsel argued:
“When you wake up this morning as I did and the headlines in the Dothan Eagle relate to some kind of sex offender law, these jurors have all watched this and seen this over and over and over, and when the Court or the district attorney reads that indictment to these jurors, and that message is conveyed to them, this man is going to be so severely prejudiced just by having been associated with that in a completely and totally unrelated situation to the other two counts, that it’s going to be impossible for this Court to cure it by any comment or charge or anything else.”
(R. 10.)
As so clearly argued by trial counsel in his motion and at the hearing, Conell suffered “obvious prejudice” by being forced to defend against the failure-to-register charge and the unrelated sexual-abuse charges in the same trial. Based on the Alabama Supreme Court’s holding in Ex parte Pincheon, I must conclude that the trial court abused its discretion when it forced Conell to defend against the failure-to-register charge at the same time he was tried for the sexual-abuse charges; the prejudice he suffered as a result of the jury’s being informed that he had a prior sexual-abuse conviction is the very kind of “compelling prejudice” the Alabama Supreme Court found in Ex parte Pincheon. Conell’s convictions should be reversed. Therefore, I must dissent.